UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦

**LEROME HILSON,**

                               **Plaintiff,**

                      -v-                            9:09-CV-1373 (NAM/ATB)

**M. MALTESE, ELSENHEIMER, C. DINKINS, and RYDER,**

                               **Defendants.**

♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦

APPEARANCES:
Lerome Hilson
05-A-1881
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821
Plaintiff, *pro se*

Hon. Eric T. Schneiderman, Attorney General of the State of New York
Megan M. Brown, Esq., Assistant Attorney General
Christina L. Roberts-Ryba, Esq., Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

     Plaintiff, an inmate in the custody of the New York State Department of Correctional Services, brought this action for monetary relief under 42 U.S.C. § 1983, claiming defendants sexually assaulted and physically abused him during a "strip frisk" on June 12, 2008. Defendant's motion (Dkt. No. 18) to dismiss the complaint, Fed. R. Civ. P. 12(b)(6), was referred to United States Magistrate Judge Andrew T. Baxter pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c). Magistrate Judge Baxter issued a Report and Recommendation (Dkt. No. 30)

recommending that the motion be granted with prejudice on the ground of failure to exhaust administrative remedies.  Magistrate Judge Baxter also noted that, if it were not for the failure to exhaust, he would recommend dismissal without prejudice on the ground that the complaint does not state a cause of action.

Plaintiff objects (Dkt. Nos. 31, 32).  Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects.  Upon *de novo* review, the Court accepts the Report and Recommendation's summary of the facts and law and its conclusion that the complaint fails to state a cause of action.  The Court rejects the Report and Recommendation insofar as it recommends dismissal with prejudice on the ground of failure to exhaust administrative remedies.

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust all administrative remedies before bringing an action regarding prison conditions.  *See* 42 U.S.C. § 1997e(a).  The PLRA requires "proper exhaustion," which means "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  The Second Circuit recognizes the following exceptions to the exhaustion requirement: (1) that administrative remedies were not in fact available; (2) that prison officials have forfeited, or are estopped from raising, the affirmative defense of non-exhaustion; or (3) that special circumstances justify the prisoner's failure to comply with administrative procedural requirements.  *See Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004).

Failure to exhaust "is an affirmative defense under the PLRA, and ... inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007).  Thus, a court may not properly grant a Rule 12(b)(6) motion on this

ground if the failure to exhaust is not apparent from the face of the complaint. *See, e.g., Smalls v. Jummonte*, 2010 WL 3291587, *3 (S.D.N.Y. Aug. 13, 2010); *Pierce v. Monell*, 2007 WL 2847317, *6 (N.D.N.Y. Sept. 26, 2007); *also see Morris v. Rabsatt*, 2010 WL 4668440, *4 (N.D.N.Y. Oct. 18, 2010) (Lowe, M.J., recommending denial of dismissal motion on ground of non-exhaustion based on "the state of the pleadings, the special solicitude that must be granted to *pro se* civil rights litigants, and the fact that failure to exhaust is an affirmative defense that generally cannot be determined on a motion to dismiss"), *adopted by district court*, 2010 WL 4668328 (N.D.N.Y. Nov. 9, 2010).

In the instant case, the complaint (Dkt. No. 1) states only that plaintiff did not grieve the matter because he "was mentally unstable at the time" and "had a mental break down." Plaintiff attaches to the complaint the incident report regarding the June 12, 2008 strip frisk, his "Ambulatory Health Record" for that date, a "Chronic Medication Provider Order Form" which appears to cover the period from September 7, 2005 to June 27, 2008; and a "Clinical Drug Information" summary regarding "Citalopram" ("Celexa") which does not appear to be listed on the Chronic Medication Provider Order Form or the Ambulatory Health Record. Whether plaintiff's alleged mental instability constitutes a special circumstance justifying his failure to exhaust cannot be determined on the face of the complaint and the attachments.[1] Thus, Rule 12(b)(6) dismissal is not proper.

In some cases, courts have converted motions to dismiss for non-exhaustion under Rule 12(b)(6) to motions for summary judgment, upon proper notice to the parties. *See, e.g., Bennett v.*

---

[1] *Newman v. Duncan*, 2007 WL 2847304, at *4 (N.D.N.Y. Sept. 26, 2007), is not to the contrary. *Newman*, which rejected for lack of proof plaintiff's claim that mental illness excused his failure to exhaust, was decided on a motion for summary judgment, not a Rule 12(b)(6) motion.

*James*, 2010 WL 3583410, *3 (S.D.N.Y. Sept. 16, 2010); *Smalls*, 2010 WL 3291587 at *3.  This Court declines to convert the instant motion to one for summary judgment at this point, because, as Magistrate Judge Baxter notes, the complaint fails to state a cause of action.

Construing plaintiff's complaint and other submissions "liberally to raise the strongest arguments that they suggest," *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010), the Court grants plaintiff leave to amend his complaint.  Plaintiff is advised that, if he submits an amended complaint, it will completely replace and supersede the initial complaint.  Thus, he should include in the body of the amended complaint all facts and claims upon which he relies, including those set forth in the initial complaint and in any grievance or other document.  The Court suggests that in drafting an amended complaint, plaintiff set forth in separate numbered paragraphs the alleged acts of misconduct; the date on which they occurred; the names of all individuals who participated in the misconduct; and the location where the alleged misconduct occurred.

Accordingly, plaintiff is granted leave to serve an amended complaint.  Defendants' motion to dismiss (Dkt. No. 18) is granted to the extent that, if plaintiff fails to serve an amended complaint in accordance with this decision, the action will be dismissed without prejudice; the motion is otherwise denied.

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 30) is accepted in part and rejected in part; and it is further

ORDERED that defendants' motion to dismiss (Dkt. No. 18) is granted in part and denied in part; and it is further

ORDERED that plaintiff is given leave to file an amended complaint in accordance with

this Memorandum-Decision and Order on or before March 25, 2011; and it is further

ORDERED that if plaintiff fails to file an amended complaint on or before March 25, 2011, the action will be automatically dismissed without prejudice, and the Clerk shall enter judgment dismissing the action without prejudice without further order of the Court; and it is further

ORDERED that the Clerk's Office mail a copy of this Memorandum-Decision and Order to plaintiff by regular mail.

IT IS SO ORDERED.

February 25, 2011
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge